IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| MONA BANKS, | * |
| | * |
| Plaintiff, | * |
| | * Civil No. TMD 16-932 |
| v. | * |
| | * |
| | * |
| NANCY A. BERRYHILL, | * |
| Acting Commissioner of Social Security, | * |
| | * |
| Defendant.[1] | * |
| | *********** |

**MEMORANDUM OPINION GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

Plaintiff Mona Banks seeks judicial review under 42 U.S.C. § 405(g) of a final decision of the Commissioner of Social Security ("Defendant" or the "Commissioner") denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act. Before the Court is Defendant's Motion for Summary Judgment (ECF No. 19).[2] Defendant contends that substantial evidence in the administrative record supports the Commissioner's final decision that Plaintiff is not disabled. No hearing is necessary. L.R. 105.6. For the reasons that follow, Defendant's Motion for Summary Judgment (ECF No. 19) is **GRANTED**, and the Commissioner's final decision is **AFFIRMED**.

---

[1] On January 23, 2017, Nancy A. Berryhill became the Acting Commissioner of Social Security. She is, therefore, substituted as Defendant in this matter. *See* 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d).

[2] The Fourth Circuit has noted that, "in social security cases, we often use summary judgment as a procedural means to place the district court in position to fulfill its appellate function, not as a device to avoid nontriable issues under usual Federal Rule of Civil Procedure 56 standards." *Walls v. Barnhart*, 296 F.3d 287, 289 n.2 (4th Cir. 2002). For example, "the denial of summary judgment accompanied by a remand to the Commissioner results in a judgment under sentence four of 42 U.S.C. § 405(g), which is immediately appealable." *Id.*

# I

## Background

Plaintiff was born in 1963, has a high-school education, and previously worked as an office clerk. R. at 18. Plaintiff protectively filed an application for DIB on April 2, 2012, alleging disability beginning on December 1, 2010, due to back and hip pain, breathing problems, and sciatica. R. at 11, 142-45, 228. The Commissioner denied Plaintiff's application initially and again on reconsideration, so Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). R. at 49-77. On October 16, 2014, ALJ F.H. Ayer held a hearing in Washington, D.C., at which Plaintiff and a vocational expert ("VE") testified. R. at 25-48. Plaintiff at the hearing amended her alleged onset date of disability to April 2, 2012. R. at 28-29. On November 13, 2014, the ALJ issued a decision finding Plaintiff not disabled from the amended alleged onset date of disability of April 2, 2012, through the date last insured of December 31, 2012. R. at 8-24. Plaintiff sought review of this decision by the Appeals Council, which denied Plaintiff's request for review on January 31, 2016. R. at 1-6, 241. The ALJ's decision thus became the final decision of the Commissioner. *See* 20 C.F.R. § 404.981; *see also Sims v. Apfel*, 530 U.S. 103, 106-07, 120 S. Ct. 2080, 2083 (2000).

On March 29, 2016, represented by counsel, Plaintiff filed a complaint in this Court seeking review of the Commissioner's final decision. Upon the parties' consent, this case was transferred to a United States Magistrate Judge for final disposition and entry of judgment. On October 14, 2016, the Court granted Plaintiff's counsel's motion to withdraw and stayed the case for sixty days to allow Plaintiff to retain an attorney. After Plaintiff failed to do so, the Court entered a scheduling order (ECF No. 18), and the Commissioner thereafter filed a Motion for Summary Judgment (ECF No. 19). On April 13, 2017, the Clerk of Court notified Plaintiff that

she had seventeen days to file a response to Defendant's Motion for Summary Judgment and that failure to file a timely written response could lead to dismissal of the case or to entry of judgment against her without further notice (ECF No. 20). The case subsequently was reassigned to the undersigned. To date, Plaintiff has filed neither a motion for summary judgment nor a response to Defendant's Motion for Summary Judgment. The matter is now fully submitted.

## II

### Summary of Evidence

On July 12, 2012, Sisom Osia, M.D., conducted a consultative examination of Plaintiff. R. at 303-09. Dr. Osia found:

> On the whole, there is no sensory, motor, or reflex abnormality in the extremities. Regarding gait and station, she appeared generally slow and unsteady, but she is able to ambulate without need for ambulatory aid. There is no observed atrophy that warrants any measurement above or below any joint. Hand grip and motor power is about 5/5 in all extremities. There are no sensory deficits. She maintained a very flat to depressed affect and tearful a few times. Medical evidence shows back pain and another lumbar X-ray that indicates moderate spasm and narrowing of L5-S1 disc space.

R. at 305.

On July 28, 2012, a state agency medical consultant, Dominic Gaziano, M.D., assessed Plaintiff's physical residual functional capacity ("RFC"). R. at 53-55. Dr. Gaziano opined that Plaintiff could (1) lift and/or carry twenty pounds occasionally and ten pounds frequently; (2) stand and/or walk for a total of about six hours in an eight-hour workday; (3) sit for about six hours in an eight-hour workday; and (4) perform unlimited pushing and/or pulling. R. at 53-54. Plaintiff occasionally could balance, stoop, kneel, crouch, crawl, and climb ramps and stairs (but never ladders, ropes, or scaffolds). R. at 54. Although she was to avoid even moderate exposure to hazards such as machinery and heights, Plaintiff had no manipulative, visual, or communicative limitations. R. at 54-55.

On March 21, 2013, another state agency consultant, J. Biddison, M.D., again assessed Plaintiff's physical RFC. R. at 63-64. Dr. Biddison opined that Plaintiff could (1) lift and/or carry twenty pounds occasionally and ten pounds frequently; (2) stand and/or walk for a total of about six hours in an eight-hour workday; (3) sit for about six hours in an eight-hour workday; and (4) perform unlimited pushing and/or pulling. R. at 63. Dr. Biddison opined that Plaintiff occasionally could climb, balance, stoop, kneel, crouch, and crawl, but she had no manipulative, visual, communicative, or environmental limitations. R. at 64.

The ALJ reviewed Plaintiff's October 2014 testimony in the ALJ's decision:

> [Plaintiff] alleges she cannot work due to lower back pain that affects her ability to walk, stand, bend, and lift. Although she alleges her medications make her drowsy, medical records do not show she reported excessive drowsiness to medical sources. She alleged she is very limited in her ability to tend to her activities of daily living. She alleges problems sitting [R. at 30-31, 36-47, 169-81].

R. at 16.

Also at the October 2014 hearing the VE testified that a hypothetical person with Plaintiff's same age, education, and work experience who had the RFC outlined in Part III below could not perform Plaintiff's past work but could perform the light jobs of machine tender, packer and packaging worker, or inspector.[3] R. at 31-34. With the exception of his testimony regarding a sit-stand option, the VE's testimony was consistent with the *Dictionary of*

---

[3] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567(b). "Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." *Id.*

*Occupational Titles*.[4]  R. at 34.  A person off task 20% of the workday or absent two or more days per month would not be employable.  R. at 35.

### III

### **Summary of ALJ's Decision**

On November 13, 2014, the ALJ found that, through the date last insured of December 31, 2012, Plaintiff (1) had not engaged in substantial gainful activity since the amended alleged onset date of disability of April 2, 2012; and (2) had an impairment or a combination of impairments considered to be "severe" on the basis of the requirements in the Code of Federal Regulations; but (3) did not have an impairment or a combination of impairments meeting or equaling one of the impairments set forth in 20 C.F.R. pt. 404, subpt. P, app. 1; and (4) was unable to perform her past relevant work; but (5) could perform other work in the national economy, such as a machine tender, packer, or inspector.  R. at 13-19.  The ALJ thus found that she was not disabled from April 2, 2012, through the date last insured of December 31, 2012.  R. at 20.

In so finding, the ALJ found that Plaintiff had the RFC

> to perform light work as defined in 20 CFR 404.1567(b) except she can occasionally climb ramps and stairs, balance, stoop, kneel, crouch and crawl, and never climb ladders, ropes, or scaffolds.  She requires the ability to alternate between sitting and standing at will.  Consistent with light work as defined in the regulation noted above, she can occasionally lift and/or carry 20 pounds, and frequently lift and/or carry 10 pounds.  She can stand and/or walk about 6 hours in

---

[4] "The Social Security Administration has taken administrative notice of the *Dictionary of Occupational Titles*, which is published by the Department of Labor and gives detailed physical requirements for a variety of jobs." *Massachi v. Astrue*, 486 F.3d 1149, 1152 n.8 (9th Cir. 2007); *see Pearson v. Colvin*, 810 F.3d 204, 205 n.1 (4th Cir. 2015); *DeLoatche v. Heckler*, 715 F.2d 148, 151 n.2 (4th Cir. 1983); 20 C.F.R. § 404.1566(d)(1).  "Information contained in the [*Dictionary of Occupational Titles*] is not conclusive evidence of the existence of jobs in the national economy; however, it can be used to establish a rebuttable presumption." *English v. Shalala*, 10 F.3d 1080, 1085 (4th Cir. 1993).

an 8 hour workday and sit for a total of about 6 hours in an 8 hour workday so
long as she is allowed to alternate between sitting and standing at will.

R. at 15.

The ALJ also considered Plaintiff's credibility and found that her "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [her] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision." R. at 16. The ALJ nonetheless added a sit-stand option to the assessment of Plaintiff's RFC because of her subjective complaints. R. at 17-18. The ALJ gave "great weight" to Dr. Gaziano's opinions because they were "consistent with the record." R. at 17. The ALJ gave "significant weight" to many of Dr. Biddison's opinions but "limited weight" to Dr. Biddison's opinion regarding Plaintiff's COPD. R. at 17.

## IV

## **Disability Determinations and Burden of Proof**

The Social Security Act defines a disability as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. A claimant has a disability when the claimant is "not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists . . . in significant numbers either in the region where such individual lives or in several regions of the country." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To determine whether a claimant has a disability within the meaning of the Social Security Act, the Commissioner follows a five-step sequential evaluation process outlined in the regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Barnhart v. Thomas*, 540 U.S. 20, 24-25, 124 S. Ct. 376, 379-80 (2003). "If at any step a finding of disability or nondisability can be made, the [Commissioner] will not review the claim further." *Thomas*, 540 U.S. at 24, 124 S. Ct. at 379; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant has the burden of production and proof at steps one through four. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987); *Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

First, the Commissioner will consider a claimant's work activity. If the claimant is engaged in substantial gainful activity, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see whether the claimant has a "severe" impairment, i.e., an impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work activities. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995); *see* 20 C.F.R. §§ 404.1520(c), 404.1521(a), 416.920(c), 416.921(a).[5]

Third, if the claimant has a severe impairment, then the Commissioner will consider the medical severity of the impairment. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, then the claimant is considered disabled,

---

[5] The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521(b), 416.921(b). These abilities and aptitudes include (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. *Id.* §§ 404.1521(b)(1)-(6), 416.921(b)(1)-(6); *see Yuckert*, 482 U.S. at 141, 107 S. Ct. at 2291.

regardless of age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford*, 734 F.3d at 293.

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, then the Commissioner will assess the claimant's RFC to determine the claimant's "ability to meet the physical, mental, sensory, and other requirements" of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545(a)(4), 416.920(a)(4)(iv), 416.945(a)(4). RFC is a measurement of the most a claimant can do despite his or her limitations. *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006); *see* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The claimant is responsible for providing evidence the Commissioner will use to make a finding as to the claimant's RFC, but the Commissioner is responsible for developing the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources." 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The Commissioner also will consider certain non-medical evidence and other evidence listed in the regulations. *See id.* If a claimant retains the RFC to perform past relevant work, then the claimant is not disabled. *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

Fifth, if the claimant's RFC as determined in step four will not allow the claimant to perform past relevant work, then the burden shifts to the Commissioner to prove that there is other work that the claimant can do, given the claimant's RFC as determined at step four, age, education, and work experience. *See Hancock v. Astrue*, 667 F.3d 470, 472-73 (4th Cir. 2012). The Commissioner must prove not only that the claimant's RFC will allow the claimant to make an adjustment to other work, but also that the other work exists in significant numbers in the

national economy. *See Walls*, 296 F.3d at 290; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can make an adjustment to other work that exists in significant numbers in the national economy, then the Commissioner will find that the claimant is not disabled. If the claimant cannot make an adjustment to other work, then the Commissioner will find that the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

V

**Substantial Evidence Standard**

The Court reviews an ALJ's decision to determine whether the ALJ applied the correct legal standards and whether the factual findings are supported by substantial evidence. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). In other words, the issue before the Court "is not whether [Plaintiff] is disabled, but whether the ALJ's finding that [Plaintiff] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Id.* The Court's review is deferential, as "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Under this standard, substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. *See Hancock*, 667 F.3d at 472; *see also Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971).

In evaluating the evidence in an appeal of a denial of benefits, the court does "not conduct a *de novo* review of the evidence," *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986), or undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Hancock*, 667 F.3d at 472. Rather, "[t]he duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court." *Smith v.*

*Chater*, 99 F.3d 635, 638 (4th Cir. 1996). When conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).

Further, Plaintiff's failure to file a motion for summary judgment or a response to Defendant's Motion for Summary Judgment does not fulfill the burdens imposed on the moving parties by Fed. R. Civ. P. 56(c). *Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir. 1993); *Dobson v. Colvin*, No. 1:12-CV-00946(IDD), 2013 WL 6228662, at *10 (E.D. Va. Nov. 29, 2013).

> Although the failure of a party to respond to a summary judgment motion may leave uncontroverted those facts established by the motion, the moving party must still show that the uncontroverted facts entitle the party to "a judgment as a matter of law." The failure to respond to the motion does not automatically accomplish this. Thus, the court, in considering a motion for summary judgment, must review the motion, even if unopposed, and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law.

*Custer*, 12 F.3d at 416; *see* Fed. R. Civ. P. 56(e).

## VI

### Discussion

Defendant contends that substantial evidence supports the ALJ's decision and that the ALJ properly evaluated Plaintiff's disability claim using the five-step sequential evaluation process outlined above in Part IV. The Court has carefully reviewed the ALJ's decision and the entire record. *See Matthews v. Comm'r, Soc. Sec.*, Civil Case No. ELH-13-1720, 2014 WL 1427182, at *1 (D. Md. Apr. 11, 2014) (citing *Elam v. Barnhart*, 386 F. Supp. 2d 746, 753 (E.D. Tex. 2005) (mapping analytical framework for judicial review of pro se action challenging adverse administrative decision, including (1) examining whether Commissioner's decision generally comports with regulations, (2) reviewing ALJ's critical findings for compliance with

the law, and (3) determining from evidentiary record whether substantial evidence supports ALJ's findings)), *adhered to on denial of reconsideration*, 2014 WL 2738276 (D. Md. June 16, 2014).

As noted in Part III above, the ALJ proceeded through all five steps of the sequential evaluation process. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity from the amended alleged onset date of disability through the date last insured. R. at 13. At step two, the ALJ found that Plaintiff's obesity and lumbar degenerative disc disease with sciatica were severe impairments. R. at 13.

"The Social Security Administration has promulgated regulations containing 'listings of physical and mental impairments which, if met, are conclusive on the issue of disability.' A claimant is entitled to a conclusive presumption that he is impaired if he can show that his condition 'meets or equals the listed impairments.'" *Radford*, 734 F.3d at 291 (citation omitted); *see* 20 C.F.R. pt. 404, subpt. P, app. 1. In this regard, at step three, the ALJ found that Plaintiff's impairments neither met nor equaled an impairment listed in 20 C.F.R. pt. 404, subpt. P, app. 1. R. at 15. The ALJ specifically considered the criteria listed under 20 C.F.R. pt. 404, subpt. P, app. 1 § 1.04 regarding disorders of the spine. R. at 15. The ALJ also did not find that Plaintiff's obesity, in combination with her other severe impairments, met a listed impairment. R. at 15.

Before considering step four, the ALJ found Plaintiff's RFC to be limited to light work with a sit-stand option. R. at 15. In so finding, the ALJ invoked the two-part process for evaluating a claimant's subjective complaints and considered whether Plaintiff's statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms were credible (R. at 15-17). *See Lewis v. Berryhill*, 858 F.3d 858, 865-66 (4th Cir. 2017). The ALJ

also considered Plaintiff's obesity according to Social Security Ruling 02-1p (R. at 13).[6] *Cf. Boston v. Barnhart*, 332 F. Supp. 2d 879, 885-87 (D. Md. 2004) (reversible error where ALJ failed to acknowledge obesity or its effect on claimant's other impairments). The ALJ further found that the lack of sensory, motor, and reflex abnormalities in Plaintiff's extremities as found by Dr. Osia belied her reportedly unsteady gait. R. at 17. The Court "may not reweigh this evidence, and [the Court] must defer to the ALJ's determination when, as here, conflicting evidence might lead reasonable minds to disagree whether [Plaintiff] was disabled." *Sharp v. Colvin*, 660 F. App'x 251, 258 (4th Cir. 2016) (citing *Hancock*, 667 F.3d at 472; *Johnson*, 434 F.3d at 653).

The ALJ also afforded "great weight" to Dr. Gaziano's opinions because they were consistent with the record and "significant weight" to many of Dr. Biddison's opinions. "[T]he testimony of a non-examining physician can be relied upon when it is consistent with the record. Furthermore, if the medical expert testimony from examining or treating physicians goes both ways, a determination coming down on the side of the non-examining, non-treating physician should stand." *Smith*, 795 F.2d at 346 (citation omitted); *see Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999) ("Opinions of a nonexamining, testifying medical advisor may serve as substantial evidence when they are supported by other evidence in the record and are consistent with it."). "An ALJ's determination as to the weight to be assigned to a medical opinion generally will not be disturbed absent some indication that the ALJ has dredged

---

[6] Social Security Rulings are "final opinions and orders and statements of policy and interpretations" that the Social Security Administration has adopted. 20 C.F.R. § 402.35(b)(1). Once published, these rulings are binding on all components of the Social Security Administration. *Heckler v. Edwards*, 465 U.S. 870, 873 n.3, 104 S. Ct. 1532, 1534 n.3 (1984); 20 C.F.R. § 402.35(b)(1). "While they do not have the force of law, they are entitled to deference unless they are clearly erroneous or inconsistent with the law." *Pass*, 65 F.3d at 1204 n.3.

up 'specious inconsistencies,' or has failed to give a sufficient reason for the weight afforded a particular opinion . . . ." *Dunn v. Colvin*, 607 F. App'x 264, 267 (4th Cir. 2015) (citation omitted). The ALJ also included a sit-stand option as part of the RFC assessment, and Plaintiff "has failed to point to *any* specific piece of evidence not considered by the Commissioner that might have changed the outcome of [her] disability claim." *Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 865 (4th Cir. 2014). Again, as noted previously, the Court's function is neither to review Plaintiff's claims *de novo* nor to reweigh the evidence of record. The Court instead must determine whether, upon reviewing the whole record, the Commissioner's decision is supported by substantial evidence and a proper application of the law. Under that standard and in light of the evidence cited by the ALJ, the Court finds no error in the ALJ's RFC assessment. *See Matthews*, 2014 WL 1427182, at *2.

On the basis of the ALJ's assessment of Plaintiff's RFC, the ALJ found at step four that Plaintiff could not perform any past relevant work through the date last insured. R. at 18. At step five, the ALJ considered whether Plaintiff could perform other work in the national economy in light of the ALJ's assessment that Plaintiff was limited to light work with a sit-stand option. R. at 18-19. Because the ALJ found that additional limitations impeded Plaintiff's ability to perform all of the requirements of light work, the ALJ elicited testimony from a VE (R. at 31-36). *See Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989). "In order for a vocational expert's opinion to be relevant or helpful, it must be based upon a consideration of all other evidence in the record, and it must be in response to proper hypothetical questions which fairly set out all of [the] claimant's impairments." *Id.* (citation omitted); *see Fisher v. Barnhart*, 181 F. App'x 359, 364 (4th Cir. 2006) (per curiam) (noting that hypothetical question is unimpeachable if it adequately reflects RFC for which ALJ had sufficient evidence (citing *Johnson*, 434 F.3d at

13

659)).  "Moreover, it is the claimant's functional capacity, not his clinical impairments, that the ALJ must relate to the vocational expert." *Fisher*, 181 F. App'x at 364.

Here, the VE testified that jobs such as a machine tender, packer and packaging worker, and inspector existed in the economy for an individual such as Plaintiff limited to light work with a sit-stand option.  The VE properly testified from his own experience that these jobs provided a sit-stand option.  *See Zarkowski v. Barnhart*, 417 F. Supp. 2d 758, 767 (D.S.C. 2006).  Accordingly, the VE's testimony provides substantial evidence to support the ALJ's finding that Plaintiff was not disabled because of the significant number of jobs in the economy that she could perform.  *See Walls*, 296 F.3d at 291-92.

In sum, substantial evidence supports the decision of the ALJ, who applied the correct legal standards here.  Defendant's Motion for Summary Judgment thus is **GRANTED**, and the Commissioner's final decision is **AFFIRMED**.

## VII

## Conclusion

For the foregoing reasons, Defendant's Motion for Summary Judgment (ECF No. 19) is **GRANTED**.  The Commissioner's final decision is **AFFIRMED**.  A separate order will issue.

Date: August 17, 2017                                                  /s/
                                                              Thomas M. DiGirolamo
                                                              United States Magistrate Judge